1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

| | | |
|---|---|---|
| CHRISTINA JOHNSTON, | ) | Civil No.08cv568-BTM(NLS) |
| | ) | |
| Plaintiff, | ) | **ORDER FOLLOWING EARLY** |
| | ) | **NEUTRAL EVALUATION/CASE** |
| v. | ) | **MANAGEMENT CONFERENCE,** |
| | ) | **SETTING RULE 26 COMPLIANCE,** |
| UNITED STATES OF AMERICA, et. al, | ) | **AND SCHEDULING ORDER** |
| | ) | **REGULATING DISCOVERY AND** |
| Defendants. | ) | **OTHER PRE-TRIAL PROCEEDINGS** |
| | ) | |

16          On July 16, 2008, the Court convened an Early Neutral Evaluation Conference in the above-

17    entitled action.  The case did not settle.  Pursuant to Rule 16.1(d) of the Local Rules, a Case

18    Management Conference was held immediately thereafter.  After consulting with the attorneys of record

19    for the parties, good cause appearing,

20          **IT IS HEREBY ORDERED THAT**:

21          1.      The Rule 26(f) conference shall be completed on or before ***August 8, 2008***.

22          2.      The date of initial disclosure pursuant to Rule 26(a)(1)(A-D) shall occur on or before

23    ***August 22, 2008***.

24          3.      Any motion to join other parties, to amend the pleadings, or to file additional pleadings

25    shall be ***filed*** on or before ***August 18, 2008***.

26          4.      A Voluntary Settlement Conference shall be conducted on ***September 30, 2008 at 2:00***

27    ***p.m.*** in the chambers of Magistrate Judge Nita L. Stormes.  Counsel or any party representing himself or

28    herself shall submit confidential settlement briefs <u>directly to chambers</u> no later than ***September 25,***

1  ***2008***.  **All parties are ordered to read and to fully comply with the attached SETTLEMENT**

2  **CONFERENCE PROCEDURES.**

3      5.    The parties shall designate their respective experts in writing by ***October 17, 2008***.  The

4  parties must identify <u>any</u> person who may be used at trial to present evidence pursuant to Rules 702, 703

5  or 705 of the Fed. R. Evid.  This requirement is <u>not</u> limited to retained experts.  The date for exchange of

6  rebuttal experts shall be on or before ***October 31, 2008***.  The written designations shall include the

7  name, address and telephone number of the expert and a reasonable summary of the testimony the expert

8  is expected to provide. The list shall also include the normal rates the expert charges for deposition and

9  trial testimony.

10     6.    On or before ***December 17, 2008***, each party shall comply with the disclosure provisions

11  in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.  This disclosure requirement

12  applies to all persons retained or specially employed to provide expert testimony, <u>or</u> whose duties as an

13  employee of the party regularly involve the giving of expert testimony.

14     7.    Any party shall supplement its disclosure regarding contradictory or rebuttal evidence

15  under Rule 26(a)(2)(c)on or before ***December 31, 2008***.

16     8.    **Please be advised that failure to comply with this section or any other discovery**

17  **order of the court may result in the sanctions provided for in Federal Rule of Civil Procedure 37**

18  **including a prohibition on the introduction of experts or other designated matters in evidence.**

19     9.    All discovery, including experts, shall be completed by all parties on or before

20  ***February 18, 2009***.  "Completed" means that all discovery under Rules 30-36 of the Federal Rules of

21  Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in

22  advance of the cut-off date, *so that it may be completed* by the cut-off date, taking into account the times

23  for service, notice and response as set forth in the Federal Rules of Civil Procedure.  <u>Counsel shall</u>

24  <u>promptly and in good faith meet and confer with regard to all discovery disputes in compliance with</u>

25  <u>Local Rule 26.1(a)</u>.  All discovery motions shall be filed within 30 days after counsel have met and

26  conferred and reached an impasse with regard to any particular discovery issue, but in no event shall

27  discovery motions be filed more than 30 days after the close of discovery.

28     10.   All other pretrial motions must be filed on or before ***March 30, 2009***.  Please be advised

08cv568

1   that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who

2   will hear the motion.  Be further advised that the period of time between the date you request a motion

3   date and the hearing date may vary from one district judge to another.  Please plan accordingly.  Failure

4   to make a timely request for a motion date may result in the motion not being heard.

5          11      A Mandatory Settlement Conference shall be conducted on ***June 1, 2009 at 9:30 a.m.*** in

6   the chambers of Magistrate Judge Nita L. Stormes.  Counsel or any party representing himself or herself

7   shall submit confidential settlement briefs <u>directly to chambers</u> no later than ***May 27, 2009***.

8          12.     Counsel shall comply with the pre-trial disclosure requirements of Federal Rule of Civil

9   Procedure 26(a)(3) on or before ***June 29, 2009***.  Failure to comply with these disclosure requirements

10  could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

11         13.     Counsel shall meet and take the action required by Local Rule 16.1(f)(4) on or before

12  ***July 6, 2009***.  At this meeting, counsel shall discuss and attempt to enter into stipulations and

13  agreements resulting in simplification of the triable issues.  Counsel shall exchange copies and/or

14  display all exhibits other than those to be used for impeachment.  The exhibits shall be prepared in

15  accordance with Local Rule 16.1(f)(4)(c).  Counsel shall note any objections they have to any other

16  parties' Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3).  Counsel shall cooperate in

17  the preparation of the proposed pretrial conference order.

18         14.     The Proposed Final Pretrial Conference Order, including objections to any other parties'

19  Federal Rule 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the

20  Court on or before ***July 13, 2009***, and shall be in the form prescribed in and in compliance with Local

21  Rule 16.1(f)(6).

22         15.     The final Pretrial Conference is scheduled on the calendar of presiding District Judge

23  Moskowitz on ***July 21, 2009*** at ***4:00 p.m***.

24         16.     A post trial settlement conference before a magistrate judge may be held within 30 days

25  of verdict in the case.

26         17.     The dates and times set forth herein will not be modified except for good cause shown.

27         18.     Dates and times for hearings on motions should be approved by the Court's clerk before

28  notice of  hearing is served.

19.    Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge.  No reply memorandum shall exceed ten (10) pages without leave of a district court judge.  Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

**IT IS SO ORDERED**.

DATED:  July 16, 2008

Hon. Nita L. Stormes
U.S. Magistrate Judge

08cv568

1

**CHAMBERS OF MAGISTRATE JUDGE NITA L. STORMES**

2

**SETTLEMENT CONFERENCE PROCEDURES**

3 **ATTENDANCE:**  All parties, adjusters for insured defendants, and other representatives of a party **having full and complete authority to enter into a binding settlement**, and the principal attorneys responsible for the
4 litigation, must be present and legally and factually prepared to discuss settlement of the case.  Full authority to settle means that the individuals at the settlement conference be authorized to fully explore
5 settlement options and to agree at that time to any settlement terms acceptable to the parties.  *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have
6 "unfettered discretion and authority" to change the settlement position of a party.  *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003).  One of the purposes of requiring a person with unlimited
7 settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference.  *Pitman*, 216 F.R.D. at 486.  Limited or sum certain authority is not adequate.  *Nick*
8 *v. Morgan's Foods*, Inc., 270 F.3d 590, 595-597 (8th Cir. 2001). Failure of any of the aforementioned to appear **in person** will result in the imposition of sanctions. Where settlement authority rests with a
9 governing body, counsel shall propose special arrangements in advance for securing timely authority to settle.

10

11 **SETTLEMENT CONFERENCE BRIEFS**:  All parties are required to lodge a **confidential** settlement brief prior to the Settlement Conference.  Please refer to the Court's order for the date by which the brief is due.
12 Settlement briefs should not exceed ten (10) pages in length, double spaced, exclusive of exhibits, if any. Copies of all documents that might enhance the productivity of negotiations (e.g., contracts, key
13 correspondence or memos, reports of experts, photos, medical bills, wage loss statements, selected pages from deposition transcripts or responses to other discovery) should be attached as exhibits to the settlement
14 briefs with significant portions highlighted for easy reference.  Parties may also attach as exhibits helpful judicial opinions and information about the settlement or judgment value of comparable cases.

\* \* \* \*

15 **IN ADDITION TO THE ABOVE INFORMATION, EACH BRIEF SHALL SET FORTH AT A MINIMUM, THE FOLLOWING
16 "REQUIRED" CONFIDENTIAL INFORMATION:**

\* \* \* \*

17 (1)  A brief analysis of the key issues involved in the litigation;
(2)  A description of the strongest and weakest legal and factual points in the party's case;
18 (3)  A description of the strongest and weakest legal and factual points in the opponent's case;
19 (4)  The status of any settlement negotiations, including the last settlement proposal made by each party; and
20 (5)  The settlement proposal that the party is willing to make in order to conclude the matter and spare the further expense of  litigation.

21

22 Parties should hand deliver, mail, or electronically mail [efile_stormes@casd.uscourts.gov] the **original only** of settlement briefs directly to chambers.  FAX briefs will not be accepted.  ***Settlement briefs are***
23 ***confidential and shall not be served on opposing parties nor shall they be filed with the Clerk of the Court***.

24

25

26

27

28

08cv568